UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LENET JULES,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Boston Field Office Director, U.S. Immigration and Customs Enforcement; ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement; and MARKWAYNE MULLIN, U.S. Secretary of Homeland Security (Nominee),<br><br>Respondents. | CIVIL ACTION NO.<br>26-CV-14404-WGY |

YOUNG, D.J. November 23, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Lenet Jules ("Petitioner") for habeas corpus relief under 28 U.S.C. § 2241 ("Petition" or "Pet."), ECF No. 1, Respondents' Opposition to the Petition ("Opposition"), ECF No. 5, and Petitioner's Reply to the Opposition, ECF No. 8.

The facts in this case are similar to those in <u>Gonzalez Guerrero</u> v. <u>Wesling</u>, 26-cv-11293-WGY, ECF No. 7 (D. Mass. Mar. 31, 2026), where the Court found that although petitioner's detention remained governed by 8 U.S.C. § 1225(b)(1), his

detention without a bond hearing violated his due process rights. Petitioner entered the United States as an applicant for admission on or about August 21, 2023. Pet. ¶ 3, ECF No. 5-1. Like Gonzalez Guerrero, the Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), which expired two years later in 2025. Id. ¶ 4. Thereafter, Petitioner remained in the United States, applied for asylum, and worked until his arrest and detention on September 23, 2026. Id. ¶¶ 5-7, ECF No. 5-3. On the facts before it, the Court does not find reason to deviate from the analysis presented in Gonzalez Guerrero. See Rincon v. Hyde, 810 F. Supp. 3d 101, 116(D. Mass. 2025) (Murphy, J.) (holding that, under the circumstances, detention under section 1225 without a bond hearing violates petitioners due-process rights), appeal docketed, No. 26-1146 (1st Cir. Feb. 11, 2026); Cardosa v. Hyde, No. 25-CV-13935-AK, 2026 WL 468200, at *3 (D. Mass. Feb. 19, 2026) (Kelley, J.) (same); Celestin v. Wesling, 2026 WL 1031165 (D. Mass. April 16, 2026) (Gorton, J.).

Accordingly, this Court rules that, as due process requires, Petitioner is entitled to a bond hearing before an immigration judge. This conclusion is consistent with the binding decision in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL2352042 (1st Cir. Aug. 13, 2026).

For the forgoing reasons, the Court ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized

custody redetermination before an immigration judge, at which the government bears the burden of proving Petitioner poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order. Petitioner's Motion to Expedite Ruling on Petition, ECF No. 9, is DENIED as MOOT.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

[1] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.